DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNIE EARL LARKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3366

[March 18, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 2008CF006119A.

Glenn H. Mitchell, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Johnie Earl Larkins appeals an order that summarily denied his multi-claim motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm on all but one point and accept the State's concession that Larkins' sentence must be corrected to reflect his youthful offender status. *Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014); *St. Cyr v. State*, 106 So. 3d 487, 489 (Fla. 4th DCA 2013); *Knite v. State*, 102 So. 3d 691, 695 (Fla. 4th DCA 2012); *Blacker v. State*, 49 So. 3d 785, 788 (Fla. 4th DCA 2010), *rev. denied*, 108 So. 3d 656 (Fla. 2012). As the cases point out, because of the substantive violation of probation, the trial court was not required to sentence Larkins to a youthful offender sentence of six years or less. However, it was required to continue that status upon resentencing after the violation of probation. *Blacker*, 49 So. 3d at 788.

Accordingly, we reverse and remand for the trial court to correct the error and to amend Larkins' sentence to reflect his youthful offender classification as to his original charges. This ministerial sentence correction does not require Larkins' presence. *See Jordan v. State*, 143

So. 3d 335, 339 (Fla. 2014) (recognizing that defendant's presence is not required for a purely ministerial sentence correction).

*Reversed and remanded.*

STEVENSON, MAY and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**