PER CURIAM.
Brian Gomes seeks review of the sentences imposed on October 14, 2014 after he was resentenced pursuant to a successful Florida Rule of Criminal Procedure 3.800(a) motion. As a result of an apparent oversight by the trial court, the new sentencing order fails to award Gomes credit for time served on Count II in case number 2011-CF-632 and Count II in case number 2011-CF-633. On remand, the trial court is directed to remedy these omissions.[1] Gomes also argues that his presence was required at resentencing. Under the facts of this case, any error was harmless. See Jordan v. State, 143 So.3d 335, 340 (Fla.2014) (recognizing that defendant’s absence from resentencing proceeding was harmless as defendant was serving *1253 longer sentences on counts not subject to resentencing and thus suffered no practical consequence as result of being resen-tenced in his absence).
AFFIRMED; • REMANDED for trial court to correct sentencing order omissions.
PALMER, EVANDER and EDWARDS, JJ., concur.

. These ministerial sentence corrections do not require Gomes’ presence. Larkins v. State, 159 So.3d 386 (Fla. 4th DCA 2015).