IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ISSAC L. JOHNSON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4181

Opinion filed July 18, 2016.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Issac L. Johnson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant challenges the denial of his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.800(a). As to his first three claims, we affirm without comment. As to his fourth claim, we reverse and remand.

The appellant originally pled nolo contendere to multiple felonies in five separate cases. Pursuant to a negotiated plea agreement, he was sentenced as a youthful offender to a total of 4 years in prison followed by 2 years on probation. In 2009, he admitted to violating his probation and was sentenced to a total of 172 months in prison. In 2011, he was resentenced based upon a successful postconviction motion to the same 172-month total sentence.

In 2014, the appellant filed the instant rule 3.800(a) motion, arguing in ground four that the trial court improperly failed to maintain his youthful offender designation upon the revocation of his probation. The trial court denied this claim, concluding that the designation was never expressly revoked. However, none of the sentencing documents entered following the revocation of the appellant's probation reflect that he maintained his youthful offender status.

The trial court was required to continue the appellant's youthful offender status upon his resentencing following the violation of his probation. See Lee v. State, 67 So. 3d 1199, 1202 (Fla. 2d DCA 2011) (citing State v. Arnette, 604 So. 2d 482, 484 (Fla. 1992); Blacker v. State, 49 So. 3d 785, 788 (Fla. 4th DCA 2010); and Gardner v. State, 656 So. 2d 933, 937 (Fla. 1st DCA 1995)). Relief under these circumstances is not reserved solely for those cases wherein the trial court has expressly revoked the youthful offender designation. Rather, it has also been granted where the youthful offender designation is omitted from the sentencing

2

documents. <u>See</u> <u>Mosley v. State</u>, 134 So. 3d 1124, 1124-25 (Fla. 4th DCA 2014) (concluding that the omission of the defendant's youthful offender status from his written sentencing documents was an error that could be corrected at any time pursuant to rule 3.800(a)).

Accordingly, we reverse and remand the denial of the appellant's fourth claim with directions for the trial court to correct the appellant's sentencing documents to reflect his youthful offender status. <u>See</u> <u>Larkins v. State</u>, 159 So. 3d 386, 386 (Fla. 4th DCA 2015). The appellant need not be present for this correction. <u>See</u> <u>id.</u>

AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

ROBERTS, C.J., ROWE and MAKAR, JJ., CONCUR.