PER CURIAM.
John Blacker appeals from an order summarily denying his rule 3.800(a) motion to correct illegal sentence. He challenges the revocation of his youthful offender status following a revocation of his community control. We reverse.
After a non-jury trial, Blacker was found guilty of several drug possession and trafficking offenses alleged to have occurred in February 1998; the only offenses relevant to the instant case are Counts XI (trafficking in hydromorphone, twenty-eight grams or more) and XV (trafficking in hydromor-phone, fourteen grams or more), for which he ultimately was sentenced as a youthful offender to concurrent terms of four years in prison, to be followed by two years of community control.[1]
While on community control, Blacker entered an open plea to violation of community control (VOCC); he admitted he smoked marijuana and tested positive for using cocaine. The trial court found that these violations were substantive violations and revoked Blacker’s community control. The court revoked his youthful offender status and sentenced him to the twenty-five year drug trafficking mandatory minimum for Count XI and the fifteen-year drug trafficking mandatory minimum for Count XV.
On direct appeal, we affirmed the judgment and sentence per curiam without opinion. Blacker v. State, 949 So.2d 212 (Fla. 4th DCA 2007) (Table). Blacker argued in that appeal that the mandatory minimum penalties did not apply to a youthful offender. However, his status had been revoked, and he was not sentenced for the VOCC as a youthful offender. In the direct appeal, we did not deter *787 mine whether his youthful offender status was properly revoked.
In this Rule 3.800(a) motion to correct illegal sentence, Blacker raised the following single ground for relief: the trial court improperly revoked his youthful offender status because he was not charged by information with a new substantive offense.
The trial court’s summary denial adopted the state’s reasoning that the motion was procedurally barred as having been raised and rejected on direct appeal. Blacker appeals.
Rule 3.800 allows a court at any time to “correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served.” Fla. R.Crim. P. 3.800(a). A claim that a sentence exceeds the maximum sentence allowed by the youthful offender statute clearly is a claim of illegal sentence that can be raised in a motion to correct illegal sentence. E.g., Goelz v. State, 937 So.2d 1237 (Fla. 4th DCA 2006). However, whether a challenge to the trial court’s revocation of a defendant’s youthful offender status constitutes a cognizable claim of an illegal sentence appears to be a matter of first impression.[2]
We issued an order to show cause directing the parties to address, among other things, whether the claim of erroneous revocation of youthful offender status itself is cognizable in a Rule 3.800(a) motion. The state failed to comply with this direction, and Blacker’s argument on this question was not on point.
A challenge to habitual offender sentencing imposed for an offense not subject to habitualization under any set of factual circumstances is cognizable in a Rule 3.800(a) motion as a matter of law. See Carter v. State, 786 So.2d 1173, 1178 (Fla.2001); Austin v. State, 756 So.2d 1080 (Fla. 4th DCA 2000). Likewise, Rule 3.800(a) may be used to challenge a sexual predator designation, so long as it is apparent from the face of record that the criteria for the designation were not met. Saintelien v. State, 990 So.2d 494 (Fla.2008). By analogy, we conclude that the erroneous revocation of a defendant’s youthful offender status is also cognizable in a Rule 3.800(a) motion.
Section 958.021, Florida Statutes (1997), expresses the legislative intent that youthful offender sentencing be considered “an alternative to be used in the discretion of the court.” There is no dispute that Blacker initially received a youthful offender sentence in accordance with section 958.04(3). A sentence imposed under the Florida Youthful Offender Act §§ 958.011-.15, Fla. Stat. (1997), is “[i]n lieu of other criminal penalties authorized by law ...” § 958.04(2), Fla. Stat. (1997).
Upon violation of a youthful offender’s supervision, the statute in effect at the time Blacker’s community control was revoked provided as follows:
A violation or alleged violation of probation or the terms of a community con *788 trol program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
§ 958.14, Fla. Stat. (2003).[3] Section 948.06(1), Florida Statutes (2003), sets out the manner in which a violation of probation or community control must be charged and proven, and among many things, contains language that allows the court, if it revokes supervision, to “impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.” Nothing in section 948.06 or 958.14 indicates that youthful offender status is revoked upon revocation of probation or community control.
Once a circuit court has imposed a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control. State v. Arnette, 604 So.2d 482, 484 (Fla.1992); Johnson v. State, 41 So.3d 1115 (Fla. 4th DCA 2010); Rogers v. State, 972 So.2d 1017, 1019 (Fla. 4th DCA), rev. denied, 988 So.2d 622 (Fla.2008); Hudson v. State, 989 So.2d 725, 726 (Fla. 1st DCA 2008); Gardner v. State, 656 So.2d 933, 937 (Fla. 1st DCA 1995) (“once a defendant is sentenced under the provisions of section 958.04, a court may not reclassify the defendant and sentence him or her in a manner inconsistent with section 958.04”).
If the defendant is convicted of and sentenced for a new offense in a subsequent case, the defendant is not entitled to a youthful offender sentence in that new case. Boynton v. State, 896 So.2d 898, 899 (Fla. 3d DCA 2005); State v. Hicks, 545 So.2d 952, 953 (Fla. 3d DCA 1989).
In Rogers, where youthful offender probation was violated based on allegations that the defendant committed a new offense, we held that “if the defendant is not charged by information with the new, substantive offense, but rather is charged by way of a violation of the defendant’s youthful offender commitment, the defendant’s youthful offender status may not be revoked.” 972 So.2d at 1019. See also Johnson, 41 So.3d at 1115. We held that the trial, court erred in revoking Rogers’s youthful offender status where he had not been convicted of the new substantive offense. Rogers, 972 So.2d at 1019. We also held that the court erred in imposing a sentence for the third degree felonies in excess of the statutory maximum, which, under section 958.14, was the maximum permissible sentence for a youthful offender who committed a substantive violation. Id. at 1019-20. There was no error in sentencing Rogers to fifteen years for his second degree felonies, but even so, he should have retained his youthful offender status because he was not convicted of the substantive offense with which he was charged in violating his probation. Id. at 1020.
*789 Like the defendants in Rogers and Johnson, Blacker was not charged by information or convicted of the new substantive offenses that formed the basis for the VOCC. Accordingly, Blacker’s youthful offender status could not be revoked in this case.
“Unless the legislature clearly states otherwise, youthful offenders maintain youthful offender status even when they violate a condition of community control.” Amette, 604 So.2d at 484 (emphasis added). Even after violating supervision with a substantive violation, a youthful offender must be sentenced pursuant to the youthful offender statute. Rogers, 972 So.2d at 1017.
Blacker’s claim is cognizable in a Rule 3.800(a) motion, legally sufficient, and has not been refuted or shown to be proeedurally barred. We therefore reverse the trial court’s order. On remand, the trial court shall resentence Blacker as a youthful offender. Because he maintains his youthful offender status, the minimum mandatory penalties do not apply. See Mendez v. State, 885 So.2d 348 (Fla. 4th DCA 2003); Jones v. State, 588 So.2d 73 (Fla. 4th DCA 1991) (holding that the mandatory minimum penalties for drug trafficking do not apply to a defendant sentenced pursuant to the Youthful Offender Act)..

Reversed and Remanded for further proceedings.

TAYLOR, HAZOURI and GERBER, JJ., concur.

. These offenses, known as "trafficking in illegal drugs,” are first-degree felonies with a statutory maximum of thirty years in prison. § 893.135(l)(c)l, Fla. Stat. (1997); § 775.082(3)(b), Fla. Stat. (1997).

. A defendant’s status as a youthful offender matters in part because it affects the defendant’s classification within the prison system and the programs and facilities to which the defendant can be assigned. See § 958.11, Fla. Stat. (2009) (requiring that the department “designate separate institutions and programs for youthful offenders ...” and requiring that youthful offender institutions and programs contain "only those youthful offenders sentenced as such by the court or classified as such by the department ...”). Also, the Department of Corrections is authorized to recommend a modification of sentence and early termination for youthful offenders who successfully participate in the youthful offender program. § 958.04(2)(d), Fla. Stat. (2009).

. The language allowing youthful offenders to be sentenced for a period up to the maximum sentence for the offense, for a substantive violation, was added in 1990. See Ch. 90-208, § 19, at 1161, Laws of Fla. Until then, for even a substantive violation, a youthful offender could be sentenced to no more than six years, with credit for time served.