NORTHCUTT, Judge.
 

 The circuit court found that Steven Tid-well violated the terms of the probation to which he had been sentenced for the crime of lewd battery, and it sentenced him to ten years’ imprisonment. On appeal, defense counsel filed an Anders
 
 [1]
 
 brief, stating that she could find no meritorious argument to support reversal. We agree, but when reviewing the record we discovered an error in the sentencing documents.
 

 Tidwell was designated a youthful offender when he was originally sentenced for the lewd battery crime. His sentence on the violation of probation is permissible under the youthful offender act because he committed a new law offense and his sentence does not exceed the statutory maximum for the crime.
 
 See
 
 § 958.14, Fla. Stat. (2009). But when a youthful offender commits a violation of probation, even a substantive one as described in section 958.14, his status as a youthful offender cannot be revoked.
 
 Vantine v. State,
 
 66 So.3d 350 (Fla. 2d DCA 2011);
 
 see also Blacker v. State,
 
 49 So.3d 785 (Fla. 4th DCA 2010). The written sentence entered after Tidwell’s probation violation does not designate him as a youthful offender. Accordingly, we remand with directions to correct the sentencing documents to reflect that the designation continues. Tid-well does not need to be present for the correction.
 

 Affirmed; remanded for correction of sentencing documents.
 

 DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).