POLEN, J.
 

 Appellant, Treymone Goldwire, appeals the trial court’s judgment of conviction and sentence of twenty years in the Department of Corrections, pursuant to the Criminal Punishment Code. Goldwire argues there was a sentencing error because the trial court was unaware it could exercise its discretion in imposing Goldwire’s sentence. We remand this case so the court may now exercise its discretion and properly consider all sentencing options.
 

 Goldwire was charged by information with three counts of armed robbery with actual possession of a firearm
 
 [1]
 
 and one
 
 *845
 
 count of grand theft of a motor vehicle.
 
 [2]
 
 Goldwire entered a plea of guilty to all four counts. Goldwire was adjudicated guilty on the first two counts of robbery with a firearm and received a sentence of two years in the Department of Corrections as a youthful offender, to be served concurrently with 389 days as credit for time served. For the other two counts, Goldwire was sentenced to four years probation as a youthful offender, consecutive with the two years of incarceration. Under condition (k)(4) of the orders of supervision for probation, Goldwire was required not to “violate any law of any city, county, state or the United States.” Gold-wire was subsequently charged by affidavit with violation of probation (“VOP”) for violating condition (k)(4) by commission of a criminal offense of possession of weapon or ammunition by a felon.
 

 After Goldwire was charged, a final hearing was held to simultaneously consider a motion to suppress and VOP. The court believed that because Goldwire’s youthful offender VOP was based on substantive charges, it no longer had discretion for sentence imposition and was required to use the Criminal Punishment Code guidelines for sentencing. The trial court found that Goldwire was on probation, was a convicted felon, and violated his probation. The court revoked Goldwire’s probation and sentenced him to twenty years imprisonment for robbery with a firearm with a ten-year minimum mandatory sentence. Goldwire was also sentenced to five years on the grand theft count, to be served concurrently with the twenty-year sentence. Goldwire filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), contending that the court erred in sentencing him under the mistaken belief that it was required to impose adult sanctions. The trial court did not file a timely order in response to the motion, thus it is considered denied under Florida Rule of Criminal Procedure 3.800(b)(2)(B). Goldwire appealed the denial of his motion.
 

 “[A] motion to correct a sentencing error involves a pure issue of law,” so the proper standard of review is de novo.
 
 Kittles v. State,
 
 31 So.3d 283, 284 (Fla. 4th DCA 2010). Chapter 958 of the Florida Statutes governs youthful offenders. Specifically, section 958.14 discusses a youthful offender’s violation of probation.
 

 A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
 

 § 958.14, Fla. Stat. (2010). Section 948.06 states, in regards to violations of probation, that “the court
 
 may
 
 revoke, modify, or continue the probation or community control or place the probationer into community control.” § 948.06(2)(e), Fla. Stat. (2010) (emphasis added).
 

 
 *846
 
 This court has stated that if a “violation was substantive, the court
 
 could
 
 impose a sentence up to the maximum for the offenses.”
 
 Bryant v. State,
 
 876 So.2d 623, 628 (Fla. 4th DCA 2004) (emphasis added). Additionally, the First District Court of Appeal stated that “a trial court may impose a non-youthful offender sentence on a youthful offender who commits violations of probation that involve new substantive offenses ... [and] the trial court [is] not limited to a youthful offender sentence.”
 
 Willis v. State,
 
 744 So.2d 1265, 1266 (Fla. 1st DCA 1999) (citing
 
 Hill v. State,
 
 692 So.2d 277, 278 (Fla. 5th DCA 1997) (stating that a trial court is permitted to exceed youthful offender maximum sentences);
 
 Johnson v. State,
 
 678 So.2d 934, 934-35 (Fla. 3d DCA 1996) (providing that a youthful offender may be sentenced as a non-youthful offender for commission of a substantive violation while on probation);
 
 Dunbar v. State,
 
 664 So.2d 1093, 1094 (Fla. 2d DCA 1995)). Accordingly, it is within the trial court’s discretion to determine whether a youthful offender should be sentenced as such, or if it should impose a non-youthful offender sentence when a substantive violation occurs. Therefore, the trial court is not required to impose the minimum mandatory sentence, but instead, is able to do so when exercising its discretion, dependent upon the circumstances of the case.
 

 This court has stated that where “the record suggests that the trial court mistakenly believed it had no discretion ... to sentence appellant,” the case should be remanded for “the trial court [to] exercise its sentencing discretion and consider all sentencing alternatives.”
 
 Munnerlyn v. State,
 
 795 So.2d 171, 171 (Fla. 4th DCA 2001). However, the State’s position was that the trial court was misled by Gold-wire’s counsel to believe that it no longer had discretion to re-sentence him as a youthful offender, thus invoking the “invited-error doctrine.” During the hearing, Goldwire’s counsel stated that “this court does not have an option other than the ten year minimum mandatory” and the court responded “I lose discretion.” Goldwire’s counsel then supplemented that statement with “because there was a substantive charge. So, he goes back to the original guidelines.” The court responded that Goldwire’s counsel was correct. The State refers to this as an “invited error.”
 

 “ ‘[U]nder the invited error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.’ ”
 
 Cordoba v. Rodriguez,
 
 939 So.2d 319, 323 (Fla. 4th DCA 2006) (quoting
 
 Goodwin v. State,
 
 751 So.2d 537, 544 n. 8 (Fla.1999)). If the record does not show that the party invited error, the case should be remanded for re-sentencing so the trial court can examine its decision and determine whether it wants to impose a different sentence.
 
 See Soanes v. State,
 
 31 So.3d 914, 914-15 (Fla. 4th DCA 2010). Here, the record is void of any indication that defense counsel was inviting error or if she was simply mistaken as well. Invited error typically occurs when the defendant is the beneficiary of some benefit at trial or sentencing. Here, Goldwire was actually receiving a more stringent sentence than the court had the discretion to impose, thus he was not benefitting.
 

 Therefore, we remand this case to the trial court for re-sentencing so the trial court can exercise its discretion in sentencing Goldwire. While the trial court might issue the same sentence, we remand to allow the trial court to properly consider all sentencing options with the knowledge that it has discretion, rather than being of
 
 *847
 
 the belief it is required to sentence in a particular way.
 

 Reversed and Remanded.
 

 WARNER, J., and EHRLICH, MERRILEE, Associate Judge, concur.
 

 [1]
 

 . In Florida, robbery with a firearm "is a felony of the first degree, punishable by im
 
 *845
 
 prisonment for a term of years.” § 812.13(2)(a), Fla. Stat. (2010).
 

 [2]
 

 . In Florida, grand theft of a motor vehicle is a third-degree felony. § 812.014(2)(c), Fla. Stat. (2010). Grand theft of a motor vehicle is punishable by a maximum of five years in state prison. § 775.082(3)(d), Fla. Stat. (2010).