CASANUEVA, Judge.
Sebastian Williams appeals the order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the postconviction court to reinstate Mr. Williams’ youthful offender status.
On October 1, 2010, Mr. Williams entered guilty pleas in circuit court case number 08-7340 to two counts of sale of cocaine and two counts of possession of cocaine and in circuit court case number 08-3400 to four counts of robbery. The trial court withheld adjudication and placed him on probation as a youthful offender for six years, all terms to run concurrently.
On January 11, 2011, an affidavit of violation of probation was filed alleging that Mr. Williams violated his probation by possessing, carrying, or owning a firearm and committing the offense of resisting an officer without violence. Mr. Williams admitted to the violations, and the trial court sentenced him to a total of fifteen years’ imprisonment. However, the trial court did not continue Mr. Williams’ youthful offender status.
Upon finding that a youthful offender committed a substantive violation of probation, a trial court may impose the maximum sentence allowable for the crime, see § 958.14, Florida Statutes (2007); Mistretta v. State, 99 So.3d 561, 562 (Fla. 2d DCA 2012), but it must continue the defendant’s status as a youthful offender. See id. (reversing and remanding for the trial court to designate as a youthful offender the defendant who committed a new law violation while on youthful offender probation and was sentenced to eight years); Yegge v. State, 88 So.3d 1058, 1059-60 (Fla. 2d DCA 2012) (“[T]he sentencing court must maintain the defendant’s youthful offender status upon resentencing for a violation of probation even when the violation was substantive.”).
Accordingly, we reverse and remand with directions that the postconviction court reinstate Mr. Williams’ youthful offender status.
Reversed and remanded with directions.
LaROSE and CRENSHAW, JJ., Concur.