SLEET, Judge.
Dwight K. Josey appeals his sentences imposed during a resentencing hearing following a successful motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Josey raises several issues on appeal. We write only to address his argument that the court wrongfully revoked his youthful offender designation upon resentencing; we affirm his remaining issues without comment.
On- August 30, 1999, Josey pleaded guilty to charges of grand theft auto (count I), attempted robbery (count II), robbery with a firearm (count III), carjacking with a firearm (count IV), and fleeing to elude (count V). The trial court sentenced him as a youthful offender to three years’ prison followed by two years’ probation on counts I, II, and V and to three years’ prison followed by three years’ probation on counts III and IV, with all sentences to run concurrently. After Josey stipulated to violating his probation, he was resen-tenced to twenty years’ prison on all counts.
In 2011, Josey filed a rule 3.800(a) motion challenging his twenty-year sentences as violative of the six-year limitation applicable to youthful offender sentences under section 958.04, Florida Statutes (1997).
The postconviction court found that the twenty-year prison terms imposed on counts I and V, third-degree felonies, were illegal and granted a resentencing hearing. The court resentenced Josey to five-year prison terms on counts I and V, a fifteen-year term on count II, and twenty-year terms on counts III and IV, with all sentences to run concurrently. The sentences did not designate Josey as a youthful offender.
Although the sentencing court was not limited by the six-year cap of section 958.04 because Josey committed a substantive violation of probation, the court was required to continue Josey’s youthful offender status on resentencing. Mistretta v. State, 99 So.3d 561, 562 (Fla. 2d DCA 2012); Yegge v. State, 88 So.3d 1058, 1059-60 (Fla. 2d DCA 2012). Accordingly, we reverse the trial court’s order and remand only for amendment of Josey’s sentences to reflect his youthful offender classification.
Affirmed in part; reversed in part; and remanded with instructions.
KELLY and CRENSHAW, JJ., Concur.