LaROSE, Judge.
Dwayne Gadson appeals the order revoking his probation and imposing a 24.75-month prison sentence for his underlying offenses. We affirm the revocation of probation. We reverse the written sentence and remand for the trial court to enter an amended order reflecting Mr. Gadsoris youthful offender status. The written judgment and sentence did not include a youthful offender designation. “[The] sentencing court must maintain the defendant’s youthful offender status upon resen-tencing for a violation of probation even when the violation was substantive.” Yegge v. State, 88 So.3d 1058, 1059-60 (Fla. 2d DCA 2012); see also Tidwell v. State, 74 So.3d 503, 503 (Fla. 2d DCA 2011) (holding youthful offender status cannot be revoked even for committing substantive probation violation); Vantine v. State, 66 So.3d 350, 352 (Fla. 2d DCA 2011) (holding youthful offender status could not be revoked upon violation of probation for a substantive violation involving a new law offense); Mosley v. State, 77 So.3d 877, 877 (Fla. 2d DCA 2012) (same).
After sentencing, the trial court orally granted Mr. Gadsoris subsequent motion to correct sentence, see Fla. R. Crim. P. 3.800(b)(2), to include a youthful offender designation; no written order was filed within the required sixty-day time period. See Fla. R. Crim. P. 3.800(b)(2)(B). Consequently, the rule 3.800(b)(2) motion is deemed denied. See id. The State concedes error.
*497 We affirm the revocation of probation but remand for the trial court to enter a written order reflecting the youthful offender designation.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and KHOUZAM, JJ., Concur.