PER CURIAM.
Robert D. Peterson (the defendant) appeals his judgment and sentence, which were entered by the trial court based on his violation of probation. Concluding that the trial court erred in entering the judgment and sentence, we remand this matter to the trial court with instructions.
First, although the trial court orally pronounced that the defendant had violated his probation by committing a new offense, the trial court failed to set forth this finding in the written judgment. Therefore, we must vacate the judgment and remand for entry of a judgment specifying the condition of probation that was violated.
In addition, the trial court erred in failing to address the defendant’s youthful offender status. The defendant was originally sentenced as a youthful offender for committing the crime of robbery with a weapon, receiving a two-year prison sentence followed by a term of four years of probation. Upon revocation of his probation for committing a new offense, the trial court sentenced the defendant to a term of thirty years’ imprisonment. However, the trial court did not address his status as a youthful offender. When a youthful offender commits a substantive violation of his probation, the trial court can impose a sentence up to the statutory maximum. Smith v. State, 143 So.3d 1023 (Fla. 4th DCA 2014). However, the defendant’s youthful offender status must be continued upon resentencing after a violation of probation. Id.; see also Christian v. State, 84 So.3d 437 (Fla. 5th DCA 2012).
Accordingly, we reverse the defendant’s judgment and sentence, and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
LAWSON, C.J., PALMER and BERGER, JJ., concur.