PER CURIAM.
- In this appeal from the denial of a rule 3.850 motion for post-conviction relief, we address the applicability of minimum .mandatory sentencing provisions to defendants who are initially sentenced to probation or community control as youthful offenders, but whose supervision is later revoked for a substantive violation. The case law from this district and others appears to be conflicting and unsettled.
We interpret the applicable statutory provisions, to grant discretion to trial *486 judges, upon revocation of youthful offender supervision for a substantive violation, to either continue with a youthful offender cap sentence or impose any sentence that might have been originally imposed without regard to the defendant’s youthful offender status. If the court exercises its discretion not to impose a youthful offender cap sentence upon revocation, then where the offense originally required a minimum mandatory sentence, the court must impose that sentence.
Because the trial court in this case exercised its discretion not to impose a youthful offender cap sentence upon revocation of appellant’s probation, it properly imposed the minimum mandatory sentence for the offense. We affirm the denial of appellant’s motion for post-conviction relief.

Factual Background and Trial Court Proceedings

In 2006, Eustache entered a plea to robbery with a firearm, which carries a ten-year minimum mandatory sentence. § 775.087(2)(a)l., Fla. Stat. (2005). Instead, however, he was sentenced as a youthful offender to four years in prison followed by two years of probation. He subsequently violated probation by committing two new drug offenses. After entering a plea admitting the violation, his probation was revoked, and he was sentenced to fifteen years in prison.
Eustache moved for relief under Florida Rule of Criminal Procedure 3.850, contending that his trial counsel was ineffective for not advising him that he was subject to a ten-year minimum mandatory sentence upon revocation of probation. The trial court granted the motion and allowed Eus-tache to withdraw his plea.
In 2013, represented by new counsel, Eustache entered an open plea to the violation of probation. The parties advised the court that, if it revoked Eustache’s probation, it was required to impose at least the ten-year minimum mandatory sentence. The court revoked probation and sentenced Eustache to fifteen years in prison with a ten-year minimum mandatory sentence. No direct appeal was taken.
Eustache moved for relief under rule 3.850 a second time, asserting three alternative grounds for relief: (1) his plea was involuntary because counsel misadvised him that the court was required to impose the minimum mandatory sentence; (2) his counsel was ineffective for advising the court that it was required to impose the minimum mandatory sentence; and (3) his sentence is illegal, either because the court was not permitted to impose the minimum mandatory sentence, or because the trial court erroneously believed that it was required to impose the minimum mandatory sentence. Eustache asserted that the imposition of the minimum mandatory sentence was either prohibited under our decision in Blacker v. State, 49 So.3d 785 (Fla. 4th DCA 2010), or discretionary under our decision in Goldwire v. State, 73 So.3d 844 (Fla. 4th DCA 2011).
The State contended that both Eustache and the trial court were properly advised, pursuant to Goldwire, that once the trial court exercised its discretion to revoke Eustache’s probation and impose a sentence above the youthful offender cap, it was required to impose at least the minimum mandatory sentence. The trial court adopted the State’s reasoning in summarily denying the motion. Eustache gave notice of appeal.

Appellate Analysis

The Youthful Offender Act was created as an alternative sentencing modality for criminal defendants younger than twenty-one years of age at the time of sentencing, if the crime charged is not a capital or life felony and the defendant has *487 not been previously sentenced as a youthful offender. See Christian v. State, 84 So.3d 437, 441 (Fla. 5th DCA 2012). A sentence imposed under the Act is “[i]n lieu of other criminal penalties authorized by law.” § 958.04(2), Fla. Stat. (2005). The most significant benefit to being sentenced as a youthful offender is a cap on the initial sentence of either six years or the maximum sentence for the offense, whichever is less, with regards to incarceration, supervision on probation or community control, or a combination of both. Id. Minimum mandatory sentences do not apply to an initial youthful offender sentence. Mendez v. State, 835 So.2d 348, 349 (Fla. 4th DCA 2003).
Sentencing of a youthful offender upon revocation of probation or community control supervision is governed by sections 948.06 and 958.14, Florida Statutes. Section 958.14 provides that “[a] violation ... of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06.” § 958.14, Fla. Stat. (2005).[1] In turn, section 948.06 provides, in part:
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
§ 948.06(2)(b), Fla. Stat. (2005) (emphasis added); see also § 948.06(2)(e), Fla. Stat. (2005).
These two statutory sections read together mean that, upon revoking the probation or community control supervision of a youthful offender for a substantive violation, the trial court has two choices. First, if an incarcerative sentence is still available under the cap provisions of section 958.04(2), the court may continue to sentence under the cap provisions. Alternatively, the court may impose any sentence that could have been imposed at the initial sentencing, regardless of the defendant’s youthful offender status.
Once a youthful offender sentence is imposed at initial sentencing, a defendant retains certain benefits of the Act, even after probation or community control has been revoked and incarceration above the cap has been imposed. See Christian, 84 So.3d at 442 (“[EJven when a youthful offender is sentenced above the cap following a substantive violation of probation, the defendant still maintains his or her ‘youthful offender status.’ ”[2] As we explained in Blacker, a defendant’s status as a youthful offender affects his or her classification within the prison system and his or her eligibility for certain programs and facilities. Blacker, 49 So.3d at 787 n. 2. Furthermore, the Department of Corrections may recommend early termination of a youthful offender’s prison sentence. Id.
There is an unsettled question in Florida’s case law regarding whether minimum *488 mandatory sentencing provisions apply when a youthful offender’s probation or community supervision is revoked for a substantive violation. Significantly, there is seemingly a conflict within case law of this district on the issue.
In Blacker, the defendant's youthful offender supervision was revoked for a substantive violation. Id. at 786. The trial court revoked his status as a youthful offender and imposed a twenty-five-year minimum mandatory sentence. Id. Blacker sought relief under Florida Rule of Criminal Procedure 3.800(a). Id. at 787. On appeal from the denial of his motion, we held that improper revocation of a youthful offender’s status constitutes a cognizable claim under rule 3.800(a). Id. We reversed the trial court’s order and remanded for resentencing as a youthful offender, stating that, “[b]ecause [the defendant] maintains his youthful offender status, the minimum mandatory penalties do not apply.” Id. at 789 (emphasis added).
Approximately a year later, we issued our opinion in Goldwire. Goldwire sought review of his prison sentence imposed after revocation of his youthful offender probation. Goldwire, 73 So.3d at 845. Goldwire contended that the trial court erroneously believed it was required to impose a minimum mandatory sentence consistent with the offense for which he had originally been convicted, simply because the violation was substantive. Id. at 846. We reversed and held that:
[I]t is within the trial court’s discretion to determine whether a youthful offender should be sentenced as such, or if it should impose a non-youthful offender sentence when a substantive violation occurs. Therefore, the trial court is not required to impose the minimum mandatory sentence, but instead, is able to do so when exercising its discretion, dependent upon the circumstances of the case.
Id. Thus, Goldwire explained that, upon a substantive violation, the trial court has discretion to sentence the defendant as a youthful offender (meaning within the cap provisions of section 958.04(2)) or to sentence in accordance with the statutory punishment for the offense regardless of the defendant’s youthful offender status (in Goldwire’s case, that meant a minimum mandatory sentence).
In other words, the trial court in Goldwire was mistaken that it could only sentence the defendant to the minimum mandatory sentence for the offense. See id. We held that the trial court had the discretion instead to sentence the defendant within. the youthful offender cap provisions. Id. Our decision in Goldwire did not signify that the trial court could choose not to impose a minimum mandatory sentence if it exercised its discretion to sentence the defendant above the youthful offender cap provisions under section 948.06(2), Florida Statutes. " We recognize that Blacker is not mentioned in the Goldwire decision, but that is because Goldwire did not address the issue of whether a minimum mandatory sentence is required to be imposed if the court chooses to impose a sentence above the cap provisions. That is the issue we consider in this case.
The year after we issued the opinion in Goldwire, the Fifth District issued its opinion in Christian. In discussing the confusion which has arisen in the case law as a result of using the term “youthful offender status,” the Fifth District, in a footnote, expressed concern and disagreement with Goldwire. Christian, 84 So.3d at 444 n. 7. In the Fifth District’s view, the statement in Goldwire, that imposition of a minimum mandatory sentence is discretionary after revocation of probation or community control supervision, is an incor *489 rect statement of the law and in conflict with the Florida Supreme Court’s decision in State v. Arnette, 604 So.2d 482 (Fla.1992). 84 So.3d at 444 n. 7. The Fifth District appears to agree with the statement in Blacker that minimum mandatory sentencing provisions do not apply to youthful offenders, even after revocation of probation or community control supervision. See id. at 444. However, as explained above, the Fifth District misinterpreted our holding in Goldwire and took the single sentence out of context.
The Second District weighed in on the issue in Yegge v. State, 186 So.3d 563 (Fla. 2d DCA 2015). Yegge appealed his ten-year minimum mandatory sentence imposed after a substantive violation of probation, contending the sentence was illegal because youthful offenders are not subject to minimum mandatory sentencing, even after revocation of supervision for committing a new crime. Id. at 554-55. Similar to the position expressed by the Fifth District in Christian, Yegge argued that Arnette precludes the imposition of a minimum mandatory sentence after revocation of youthful offender supervision. Id. at 556. The Second District rejected that argument, concluding that Amette was not controlling because it decided the issue of a sentencing cap, and did not decide the issue of minimum mandatory sentencing. See id. at 556-57.
The Second District interpreted the language of section 958.14, Florida Statutes, incorporating the provisions of section 948.06, Florida Statutes, and concluded:
In our view, this unqualified statement of the sanctions to which a youthful offender who commits a substantive violation is exposed reflects the legislature’s intent that such offenders lose the benefit of the original sentencing limitations of the Youthful Offender Act.
Yegge, 186 So.3d at 555. Thus, in the view of the Second District, when imposing incarceration after revocation of youthful offender supervision,. “[a] defendant’s maximum sentence for his original offense necessarily includes any enhancements for which he qualifies.” Id. at 556. However, in such cases, the defendant still enjoys some of the benefits of the Act, and “[ijmposing a mandatory minimum on a youthful offender sentence does not equate with removing a defendant’s youthful offender status.” Id.
The Second District went on to observe the seemingly conflicting position in this district between Blacker and Goldwire. Id. at 557. The Second District agreed with our decision, in Goldwire “that the trial court has discretion to impose a non-youthful offender sentence after a substantive violation of probation” and certified conflict with Blacker. Id.[3]
We now recede from the language in Blacker stating-that a minimum mandatory sentence cannot be imposed upon a defendant, initially sentenced as a youthful offender, who later substantively • violates probation or community control. We hold, as we did in Goldwire, that upon a substantive violation of youthful offender supervision, the trial court has the discretion either to sentence under the cap provisions of section 958.04(2), Florida Statutes (assuming a term for a cap sentence is still available), or to impose any. sentence it could have imposed when the defendant was originally sentenced, regardless of the *490 defendant’s youthful offender designation, under section 948.06(2), Florida Statutes. Where the trial court chooses the second option, and the original sentence that could have been imposed was a minimum mandatory sentence, then that sentence must be imposed upon revocation of supervision.[4]
The trial court in this case, like the trial court in Goldwire, erroneously believed that it was required to impose at least the ten-year minimum mandatory sentence if it revoked Eustache’s probation. Contrary to the State’s arguments, there is no indication in the record that the trial judge was aware he had the option to revoke Eustache’s probation and avoid the minimum mandatory sentence by imposing a sentence within the youthful offender cap provisions. Defense counsel argued for reinstatement of probation and advised the court: “If you revoke and terminate, obviously, you can’t give the bottom of the guidelines [51 months] because the minimum mandatory applies.” ' Eustache claims defense counsel gave him the same advice.
Although defense counsel’s advice was incorrect under. Goldwire, we conclude that Eustache is not entitled to relief in this case because the trial court imposed a sentence of fifteen years, more than the ten-year minimum mandatory. The trial court clearly did not feel constrained by counsel’s advice and was not inclined to impose a sentence within the youthful offender cap provisions.
Further, Eustache’s minimum mandatory sentence is not illegal. As we held in Goldwire, and reaffirm today, once the trial court revoked Eustache’s probation for a substantive violation and exercised its discretion to impose a sentence above the youthful offender cap provisions, it was required to impose the applicable ten-year minimum mandatory sentence.
We therefore affirm the trial court’s denial of post-conviction relief.

Conclusion

The interpretation of these sentencing statutes as applied to a defendant initially sentenced as a youthful offender has engendered a great deal of confusion in the courts, given the number of opinions on this very subject. To the extent the Fifth District in Christian agrees with our statement in Blacker that a minimum mandatory sentence cannot be imposed upon a defendant who substantively violates youthful offender supervision, we certify conflict. We also believe the sentencing issues discussed in this case raise matters of great public importance. Thus, we certify the following question as matter of great public importance:
WHERE A DEFENDANT IS INITIALLY SENTENCED TO PROBATION OR COMMUNITY CONTROL AS A YOUTHFUL OFFENDER, AND THE TRIAL COURT LATER REVOKES SUPERVISION FOR A SUBSTANTIVE VIOLATION AND IMPOSES A SENTENCE ABOVE THE YOUTHFUL OFFENDER CAP UNDER SECTIONS 958.14 AND 948.06(2), FLORIDA STATUTES, IS THE COURT REQUIRED TO IMPOSE A MINIMUM MANDATORY SENTENCE THAT WOULD HAVE ORIGINALLY APPLIED TO THE OFFENSE?

Affirmed.

*491 CIKLIN, C.J., WARNER, GROSS, TAYLOR, MAY, DAMOORGIAN, GERBER, LEVINE, and KLINGENSMITH, JJ., concur.
CONNER, J., concurs in part and dissents in part with opinion, in which FORST, J., concurs.

. The second sentence of section 958.14 continues to limit the period of incarceration for a youthful offender who commits a technical or nonsubstantive violation to no more than six years, or the maximum sentence for the offense, whichever is less, with credit for time served while incarcerated. § 958.14, Fla. Stat. (2005).

. As noted by the Fifth District in Christian, the case law has been somewhat confusing regarding youthful offender sentencing, with regard to what has been termed a "youthful offender status.” Christian, 84 So.3d at 441 ("Although that phrase is not found in the Youthful Offender Act, its use in differing contexts (to mean different things) may have helped create the confusion that we will now attempt to clear up.”).

. The Florida Supreme Court initially accepted jurisdiction. Yegge v. State, 173 So.3d 968 (Fla.2015). But the Court subsequently dismissed review, concluding that because Goldwire was published after Blacker and was consistent with the Second District's opinion .in Yegge, there was no conflict. Yegge v. State, 180 So.3d 128 (Fla.2015). However, we think that Yegge also interpreted our statement in Goldwire out of context.

. Our position is consistent with the Second District's Yegge opinion. We also agree with the Second District’s statement in Yegge that the imposition of a minimum mandatory sentence does not remove other benefits of the Youthful Offender Act. See Yegge, 186 So.3d at 556 ("Imposing a mandatory minimum on a youthful offender sentence does not equate with removing a defendant's youthful offender status.”).