PER CURIAM.
Jason Alexander Yegge appeals the sentence he received on remand after his partially successful appeal from the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. He argues that his ten-year mandatory minimum sentence for the offense of armed burglary is illegal because youthful offenders are not subject to mandatory minimum sentencing, even after committing a substantive violation of probation. Because Yegge’s ten-year mandatory minimum sentence is not illegal, despite his youthful offender status, we disagree and affirm Yegge’s mandatory minimum sentence. »
In 2003, Yegge pleaded guilty to armed burglary, manufacture of marijuana, and misdemeanor possession of drug paraphernalia. The trial court withheld adjudication-and sentenced Yegge as a youthful offender to drug offender probation for the burglary and manufacture charges. The court adjudicated Yegge guilty and sentenced him to time served for the paraphernalia charge. In 2005, after having twice been restored to probation following violations for possessing drugs, Yegge admitted to violating his probation by committing the criminal offenses of possession of a controlled substance and introduction of contraband into a county detention facility. The court revoked Yegge’s probation and youthful offender designation, adjudicated him guilty, and sentenced him to a ten-year mandatory minimum term pursuant to section 775.087, Florida Statutes (2Q02), for armed burglary and to five years’ prison for manufacture of marijuana.
Yegge subsequently challenged the trial court’s revocation of his youthful offender status in a rule 3.800(a) motion to correct' illegal sentence. This court reversed the postconviction court’s order de *555 nying relief and remanded for the circuit court to amend Yegge’s sentence to reflect his youthful offender classification. We expressly affirmed Yegge’s ten-year mandatory minimum sentence. See Yegge v. State, 88 So.3d 1058, 1059 (Fla. 2d DCA 2012) (“The maximum sentence for Yegge’s original offense, armed burglary, is life in prison. Therefore, Yegge’s ten-year mandatory minimum was not illegal.” (citation omitted)). On remand, the circuit court resentenced Yegge as a youthful offender but did not alter his ten-year mandatory minimum sentence. ' On appeal, Yegge argues that his ten-year mandatory minimum sentence is illegal because sentencing enhancements do not apply to youthful offender sentences. We disagree.
Once. Yegge violated probation or community control, he was resentenced in accordance with section 958.14, Florida Statutes (2002) (emphasis supplied), which provides:
A violation or alleged violation of pro: bation or the terms of a community control program shall subject the youthful offender to the provisions of s. 94.8.06. Howéver, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated. ■
In our view, this unqualified statement of the sanctions to which a youthful offender who commits a substantive violation is exposed reflects the legislature’s intent that such offenders lose the benefit of the original sentencing limitations of the Youthful Offender Act. To understand the full import of the first sentence of this statute, some statutory history is helpful. When section 958.14 was enacted in 1978, it provided simply that “[a] violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1)....” Ch. 78-84, § 14, at 123, Laws of Fla. In 1985,. the legislature modified this sentence as follows: , .
Provided that, no youthful offender shall be committed to the custody of the department for such violation for a period longer than 6 years or for a period longer than the maximum sentence.for the offense for which he was, found .guilty, whichever is less, with credit for time served while incarcerated.
Ch. 85-288, § 24, at 1821, Laws of Fla. And again in 1990, the legislature further amended the second sentence to apply the six-year cap only to technical, not substantive, violations of probation. See § 958.14, Fla. Stat. (Supp.1990), amended by ch. 90-208, § 19, at 1161, Laws of Fla.; see also Shultz v. State, 136 So.3d 1232, 1234 (Fla. 2d DCA 2014)." The statute has remained substantively unchanged since then, including the statute relevant here.
It is widely accepted that.youthful offenders maintain their “youthful offender status” ‘after violating probation or community control. See Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011); accord Smith v. State, 143 So.3d 1023, 1024-25 (Fla. 4th DCA 2014); Jacques v. State, 95 So.3d 419, 420 (Fla. 3d DCA 2012); Christian v. State, 84 So.3d 437, 441-42 (Fla. 5th DCA 2012); Hudson v. State, 989 So.2d 725, 726 (Fla. 1st DCA 2008). As we explained in Yegge, “[a] youthful offender designation carries benefits — including the availability of program's and facilities, and, though Yegge may not qualify, eligibility *556 for early release — within the •criminal justice system.” 88 So.3d at 1060; see also Christian, 84 So.3d at 443. However, although the trial court must continue a youthful offender’s status after •& substantive violation of probation or community control, the trial court is not precluded from imposing an enhanced sentence under the Youthful Offender Act.
“The intent of the legislature should be derived from the plain language of the statute in question.” State v. Watts, 558 So.2d 994, 997 (Fla.1990). A plain reading of section 958.14 leads to the conclusion that the sentencing limitations contained in section 958.04, which preclude sentencing enhancements, do not apply to a sentence imposed after a substantive violation of probation or community control. Section 958.14 states that a violation of probation shall subject the youthful offender to sentencing under the general violation statute, section 948.06, which states that on revocation of probation or community control the court “shall ... impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.” § 948.06(1), Fla. Stat. (2002) (emphasis added). This language is mandatory.
Although youthful offenders who commit technical violations of probation or community control retain the benefit of the six-year sentencing cap, youthful offenders who commit a substantive violation may be sentenced to “the maximum sentence for the offense for which he or she was found guilty.” § 958.14. A defendant’s maximum exposure in a criminal case is controlled by the charging document. Yegge’ was charged with armed burglary and the information alleged that he was armed or became armed with a firearm. After Yegge pleaded guilty to armed burglary, his maximum sentence was controlled by sections 810.02(2)(b) and 775.087(2)(a)(1)(d), Florida Statutes (2002), and the guidelines in effect at the time of his offense. Once a youthful offender violates probation, he is sentenced according to section -958.14, which states that a youthful offender who commits a substantive violation is exposed to the maximum sentence for his original offense. • A defendant’s maximum sentence for his original offense necessarily includes any enhancements for which he qualifies. See Mendenhall v. State, 48 So.3d 740, 750 (Fla. 2010) (“We thus conclude that under section 775.087(2)(a)(3), the trial court has discretion to impose a mandatory minimum within the range of twenty-five years to life. Consequently, we conclude that Mendenhall was properly sentenced to thirty-five years with a thirty-five-year mandatory minimum, notwithstanding the statutory maximum of thirty years contained in section 775.082 for Mendenhall’s offense.”); Lareau v. State, 573 So.2d 813, 815 (Fla.1991) (explaining that the defendant’s “maximum guideline sentence” included the section 775.087(1), Florida Statutes (1985), enhancement). Nothing in section 958.14 suggests that a sentence imposed after á substantive violation is limited by the other qualifiers of section 958.04. Imposing a mandatory minimum on a youthful offender sentence does not equate with removing a defendant’s youthful offender status.
Yegge, however, relies on State v. Arnette, 604 So.2d 482 (Fla.1992), for the proposition that “[u]nless the legislature clearly states otherwise, youthful offenders maintain youthful offender status even when they violate a condition of community control.” Id. at 484. In Amette, the Florida Supreme Court considered the application of the six-year cap to a youthful offender who committed a substantive violation of community control in 1984. In *557 holding that the cap does apply to youthful offenders sentenced after a violation of probation or community control under the pre-1985 version of the statute, the: court concluded that the 1985 amendment was evidence of the legislature’s prior intent “to limit penalties against’youthful offenders to six years.” Id. The Amette decision does not address the application of mandatory ■ mínimums to youthful offender ■ sentences and is thus limited to the application of the sentencing cap;, as noted above, in 1990 the legislature amended that cap to apply to technical violations only. Amette simply does not support application of the sentencing limitations of section 958.04 to a youthful offender following a substantive violation of probation.
We recognize that the Fourth District has expressed a view contrary to ours and held that drug trafficking mandatory minimum sentences cannot be imposed oh a youthful offender who substantively Violates probation. See Blacker v. State, 49 So.3d 785, 789 (Fla. 4th DCA 2010) (“Because [the defendant] maintains his youthful offender status, the minimum mandatory penalties do not apply;”). To support its holding, the Fourth District cited Mendez v. State, 835 So.2d 348 (Fla. 4th DCA 2003), and Jones v. State, 588 So.2d 73 (Fla. 4th DCA 1991). However, both Mendez and Jones address' initial youthful offender sentencing under section 958.04, not postv'iolation sentencing under séction 958.14. Moreover, in Goldwire v. State, 73 So.3d 844 (Fla. 4th DCA 2011), the Fourth District held that the trial court has discretion to impose a rion-youthful offender sentence after a substantive violation of probation and specifically noted that “the trial court is not required to impose the minimum mandatory sentence, but instead, is able to do so when exercising its discretion, .dependent upon the circumstances of the case.” Id. at 846.
Similarly, the special concurrence relies'on State v. Wooten, 782 So.2d 408 (Fla. 2d DCA 2001), to support its conclusion that Yegge’s youthful offender designation “trumped the otherwise mandatory 10/20/Life statute and removed the possibility of enhancing his sentence with a ten-year minimum- mandatory.” However, because the issue in Wooten was whether the 10/20/Life Statute could be applied to a youthful offender’s .initial sentence, its reasoning is not relevant to Yegge’s appeal from, a postviolation sentence. Section 958.14 does not extend the sentencing limitations of section 958.04 to youthful offenders who substantively violate supervision. This follows froni our understanding that youthful offenders do not receive the benefit of the sentencing cap based on heing repeat offenders. . .
In .this case, the ’ trial - court properly exercised its discretion to impose the mandatory ■ minimum sentence • for Yegge’s armed burglary- offense after he committed a substantive violation of. probation. We agree with the- analysis in Goldwire. To the extent'that our decision conflicts with Blacker, we certify conflict.
Affirmed;
WALLACE and CRENSHAW, JJ.,. Concur.
DAVIS, CHARLES A., Senior Judge, Concurs specially with .opinion.