CONNER, J.,
concurring in part and dissenting in part.
I concur with most of the majority opinion, but I dissent from the position that once a trial court decides to impose a sentence above the cap provisions of section 958.04(2), Florida Statutes, it must impose all of the enhancements and minimum mandatory sentencing provisions that would have been imposed at the initial sentencing, if the defendant had not been sentenced as a youthful offender. In my view, the Legislature has not made it clear that the position taken by the majority was the intended meaning of the statutes pertaining to sentencing youthful offenders for substantive violations of supervision. Because the meaning of the applicable statutory provisions is ambiguous, in my view, the rule of lenity dictates more flexibility for the trial court in sentencing than allowed by the majority. .
I agree with Judge Davis’s specially concurring opinion in Yegge that “the maximum sentence for the offense” under section 958.14 is not necessarily synonymous with “a defendant’s maximum exposure in a criminal case.” Yegge v. State, 186 So.3d 553, 560-61 (Fla. 2d DCA 2015) (Davis, J., specially concurring). As Judge Davis observed, “[t]he maximum sentence for an offense is determined by the legislature via statute. But a defendant’s maximum exposure is determined by the statutory maximum sentence' combined with other specific factors as related to the particular defendant or the specific circumstances of the commission of the offense.” Id. at 561 (emphases added). Thus, the meaning of “maximum sentence” in the context of sections 958.14 and 948.06 appears to be ambiguous.
The rule of lenity requires that “any ambiguity or situations in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense.” State v. Byars, 823 So.2d 740, 742 (Fla.2002); see also Kasischke v. State, 991 So.2d 803, 814 (Fla.2008). The Legislature has not clearly required the imposition of a minimum mandatory sentence for a youthful offender who substantively violates probation or community control. If the Legislature had intended the outcome espoused by the majority, it could have easily added language to section 958.14 stating that if a sentence above the cap provisions of section 958.04(2) is imposed, all sentencing enhancements and minimum mandatory provisions apply.
There appears to be a good policy reason for not removing the benefits of the Youthful Offender Act upon imposing incarceration for a substantive violation of supervision, in that it continues the benefits of punishing young offenders differently, when appropriate. Thus, I construe sections 948.06 and 958.14 to grant the trial court the discretion to impose a sentence of incarceration that complies with the Criminal Punishment Code and to impose or withhold any applicable minimum mandatory sentence.[5] In my view, the trial court may exercise its discretion whether to impose minimum mandatory *492 sentences based on the circumstances of each case in determining the best punishment for each youthful offender.
Hopefully, the Legislature will clear up the ambiguity Florida courts have struggled with for an extended period of time. I concur with the certifications of conflict and the question of great public importance,
FORST, J., concurs.

. I concede that this view raises the question of whether Chapter 958 allows the Department of Corrections to recommend early termination of a youthful offender sentence, and gives the trial court authority to follow such a recommendation, when the trial court has imposed a minimum mandatory sentence. See § 958.04(2)(d), Fla. Stat. (2005).