IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEMETRIUS CARTER COOPER,

      Appellant,

 v.                                     Case No.  5D17-2326

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed January 12, 2018

3.800 Appeal from the Circuit
Court for Brevard County,
Jeffrey Mahl, Judge.

Demetrius Carter Cooper, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, Bonnie Jean Parrish and
Douglas Squire, Assistants Attorney
General, Daytona Beach, for Appellee.

PER CURIAM.

      Demetrius Carter Cooper appeals the denial of a "Motion to Correct Illegal

Sentence." In 2009, Cooper was charged with aggravated battery, a second-degree

felony, and was sentenced under the Youthful Offender Act. See § 958.04, Fla. Stat.

(2009). The Act subjects an offender to a maximum incarceration period of 6 years. See

id. § 958.04(2). Cooper was sentenced to 479 days in the Department of Corrections

("DOC"), followed by 18 months of community control and a subsequent term of 18

months of probation. After the revocation of his community control for a substantive

violation, the trial court sentenced Cooper to a minimum mandatory term of 20 years with the DOC pursuant to section 775.087(2)(a), Florida Statutes (the 10-20-Life statute). The judgment and sentence were affirmed on direct appeal. Cooper v. State, 56 So. 3d 783 (Fla. 5th DCA 2011). Cooper's sentence was later amended to reflect that he maintained his youthful offender status.

Cooper has filed several appeals related to his sentence. In this appeal, he challenges the denial of his "Motion to Correct Illegal Sentence." In the motion, he claimed that the minimum mandatory term was illegal because it exceeded the maximum sentence he could have received for a second-degree felony. See § 775.082(3)(d), Fla. Stat. (providing 15-year maximum sentence for second-degree felony).

Florida Rule of Criminal Procedure 3.800(a) provides, in relevant part:

(a) Correction.

(1) Generally a court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.

Rule 3.800(a) "is intended to balance the need for finality of convictions and sentences with the goal of ensuring that criminal defendants do not serve sentences imposed contrary to the requirements of law." Carter v. State, 786 So. 2d 1173, 1176 (Fla. 2001). "[A] sentence is 'illegal' if it 'imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.'" Id. at 1178 (quoting Blakley v. State, 746 So. 2d 1182, 1186–87 (Fla. 4th DCA 1999)).

2

Section 958.14, Florida Statutes, addresses a youthful offender's violation of probation or community control:

> A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty . . . .

(Emphasis added). Section 958.14 dictates that violations are subject to the provisions of section 948.06, which provides, in relevant part:

> If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudicated guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.

§ 948.06(2)(b), Fla. Stat. (emphasis added).

In Christian v. State, 84 So. 3d 437 (Fla. 5th DCA 2012), this Court addressed whether the State was required to file new charges to support a finding of a substantive violation of probation under the Youthful Offender Act. Concluding the State did not, we thoroughly analyzed the sentencing options under the Act. 84 So. 3d at 441–45. Included in that analysis was the applicability of minimum mandatory terms to youthful offenders. Id. at 442. We explained that Florida's minimum mandatory statutes did not apply to a sentence imposed on a youthful offender because a youthful offender sentence is "[i]n lieu of other criminal penalties authorized by law." Id. (quoting Mendez v. State, 835 So. 2d 348, 349 (Fla. 4th DCA 2003); § 958.04(2), Fla. Stat. (2001)). "[O]nce a defendant is sentenced as a youthful offender, the sentencing features (and limitations) of the Youthful

3

Offender Act apply to future sentencing proceedings on that same offense . . . ." Id. (citing State v. Arnette, 604 So. 2d 482 (Fla. 1992)). Thus, we concluded that although the 6-year maximum youthful offender sentence was inapplicable following a substantive violation of probation, classification as a youthful offender "is particularly significant in cases where the charge would carry a minimum mandatory prison term if the trial judge had not originally opted for a youthful offender sentence." Id. at 443.

In Eustache v. State, 199 So. 3d 484 (Fla. 4th DCA 2016), the Fourth District certified conflict with Christian and certified the following question as a matter of great public importance:

> WHERE A DEFENDANT IS INITIALLY SENTENCED TO PROBATION OR COMMUNITY CONTROL AS A YOUTHFUL OFFENDER, AND THE TRIAL COURT LATER REVOKES SUPERVISION FOR A SUBSTANTIVE VIOLATION AND IMPOSES A SENTENCE ABOVE THE YOUTHFUL OFFENDER CAP UNDER SECTIONS 958.14 AND 948.06(2), FLORIDA STATUTES, IS THE COURT REQUIRED TO IMPOSE A MINIMUM MANDATORY SENTENCE THAT WOULD HAVE ORIGINALLY APPLIED TO THE OFFENSE?

The Florida Supreme Court accepted jurisdiction, Eustache v. State, SC16-1712, 2017 WL 3484317, at *1 (Fla. Feb. 17, 2017), and recently held oral arguments.

We recognize that in Christian, the question of whether a minimum mandatory term applied to a sentence imposed on a youthful offender after revocation of probation or community control was answered in dicta. However, we adhere to the analysis in Christian, which involved a question of statutory construction at its heart. The sentencing options for youthful offenders are limited. Section 948.06 does not, on its face, alter the sentence that the court "might have originally imposed" on a youthful offender. When read together, sections 958.04, 948.06, and 958.14 permit the trial court to sentence a youthful

4

offender who substantively violates probation or community control to a prison sentence in excess of 6 years but do not allow the court to impose a minimum mandatory term. Further, the reasoning in Christian comports with our prior holdings in Hill v. State, 692 So. 2d 277 (Fla. 5th DCA 1997) (explaining youthful offender would be sentenced in excess of 6-year cap for substantive probation violation), and Kelly v. State, 739 So. 2d 1164, 1165 (Fla. 5th DCA 1999) (holding 3-year minimum mandatory term could not be imposed on youthful offender).

Accordingly, we reverse the denial of Appellant's motion and certify conflict with Eustache v. State, 199 So. 3d 484 (Fla. 4th DCA 2016).

REVERSED and REMANDED. CONFLICT CERTIFIED.

COHEN, C.J., and ORFINGER, J., concur.
PALMER, J., dissents without opinion.