LAWSON, J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Eustache v. State , 199 So.3d 484 (Fla. 4th DCA 2016), which certified the following question to be of great public importance:
WHERE A DEFENDANT IS INITIALLY SENTENCED TO PROBATION OR COMMUNITY CONTROL AS A YOUTHFUL OFFENDER, AND THE TRIAL COURT LATER REVOKES SUPERVISION FOR A SUBSTANTIVE VIOLATION AND IMPOSES A SENTENCE ABOVE THE YOUTHFUL OFFENDER CAP UNDER SECTIONS 958.14 AND 948.06(2), FLORIDA STATUTES, IS THE COURT REQUIRED TO IMPOSE A MINIMUM MANDATORY SENTENCE THAT WOULD HAVE ORIGINALLY APPLIED TO THE OFFENSE?
Eustache , 199 So.3d at 490. We answer the certified question in the affirmative. The Fourth District also certified conflict with Christian v. State , 84 So.3d 437 (Fla. 5th DCA 2012), on the same issue. We disapprove Christian to the extent it holds that a minimum mandatory sentence cannot be imposed on a defendant who substantively violates youthful offender supervision.
For the reasons that follow, we hold that upon revocation of a youthful offender's probation for a substantive violation, the trial court is authorized to either impose another youthful offender sentence, with no minimum mandatory, or to impose an adult Criminal Punishment Code (CPC)[1] sentence, which would require imposition of any minimum mandatory term of incarceration associated with the offense of conviction. Because the trial judge in this case was convinced by the parties that he *1099 lacked the discretion to reimpose a youthful offender sentence, Eustache is entitled to a new sentencing proceeding. Because the Fourth District affirmed the sentence, we quash the decision below and remand for further proceedings consistent with this opinion.
We have jurisdiction. See art. V, § 3(b)(3), (4), Fla. Const.
BACKGROUND
Eighteen-year-old Robin Eustache entered a guilty plea to robbery with a firearm, which carries a ten-year minimum mandatory sentence. Eustache , 199 So.3d at 486. The trial court, however, sentenced him as a youthful offender under the Florida Youthful Offender Act (Act) to four years in prison and two years of probation. Id. The Act, codified at sections 958.011 - 958.15, Florida Statutes (2005), provides an alternate sentencing scheme for use by judges when sentencing defendants between the ages of eighteen and twenty-one. Youthful offender sentencing is discretionary, but if the trial judge elects to impose a youthful offender sentence, minimum mandatory terms otherwise associated with the offense of conviction do not apply, and the sentence is capped at six years or the maximum sentence for the crime(s), whichever is least. § 958.04(1) - (2), Fla. Stat. (2005).[2] Defendants sentenced under the Act are classified as "youthful offenders" and provided with multiple benefits, including placement in institutions separate from the adult prison population, special rehabilitation programs, and the possibility of early release upon recommendation by the Department of Corrections. §§ 958.03(5), 958.04(2)(d), Fla. Stat.
After serving the prison portion of his sentence, Eustache violated his probation by committing two new drug offenses, and entered a plea admitting the violation. Eustache , 199 So.3d at 486. The trial court found Eustache guilty of the probation violation, revoked his probation, and sentenced him on the underlying offense of robbery with a firearm to fifteen years in prison with a ten-year minimum mandatory sentence. Id. Eustache did not file a direct appeal.
Eustache filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, arguing that his counsel at sentencing was ineffective for not advising him that he was subject to the minimum mandatory sentence. Id. After the trial court agreed and granted the motion, Eustache withdrew his initial plea and entered an open plea to the violation of probation. Id. Both parties advised the trial court at sentencing that if it chose to revoke Eustache's probation, it was required to impose at least the ten-year minimum mandatory sentence and had no ability to avoid the minimum mandatory even by imposing another sentence within the cap, which the trial judge accepted as true. Id. at 486, 490. The trial court revoked Eustache's probation and sentenced him to fifteen years in prison, applying the ten-year minimum mandatory sentence. Id. at 486.
Eustache then filed a second rule 3.850 motion, arguing that his sentence is illegal either because the trial court wrongly believed it was required to impose the minimum mandatory sentence or because the trial court should not have imposed the minimum mandatory sentence at all. Id. The State's response contended that once the trial court exercised its discretion to revoke probation and impose a sentence above the youthful offender cap, it was required to impose the minimum mandatory sentence enhancement. Id. After the *1100 trial court summarily denied the motion, adopting the State's reasoning, Eustache appealed to the Fourth District. Id.
On appeal, the Fourth District affirmed Eustache's fifteen-year sentence and application of the adult minimum mandatory sentence enhancement, holding that under the Act, a trial court, after revoking youthful offender supervision and choosing not to impose a sentence within the youthful offender cap for a substantive violator's underlying offense, must impose any minimum mandatory sentence required for adult offenders charged with the same offense. Id. at 489-90. In so holding, the district court relied on the Second District's decision in Yegge v. State , 186 So.3d 553, 556-57 (Fla. 2d DCA 2015) (upholding application of minimum mandatory sentence enhancements to a youthful offender's sentence following a substantive probation violation), as well as its own decision in Goldwire v. State , 73 So.3d 844, 846 (Fla. 4th DCA 2011) (holding that it is within the court's discretion to revoke youthful offender status and apply minimum mandatory sentence enhancements). Id. The district court receded from its statement in Blacker v. State , 49 So.3d 785, 789 (Fla. 4th DCA 2010), that minimum mandatory penalties cannot be imposed even after a youthful offender substantively violates supervision, certified direct conflict with Christian to the extent it agreed with Blacker , and certified the question as one of great public importance. Id. at 490.
ANALYSIS
This case concerns interpretation of the Youthful Offender Act. Questions of statutory interpretation are reviewed de novo. See Borden v. East-European Ins. Co. , 921 So.2d 587, 591 (Fla. 2006). "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, ... the statute must be given its plain and obvious meaning." Holly v. Auld , 450 So.2d 217, 219 (Fla. 1984) (quoting A.R. Douglass, Inc. v. McRainey , 102 Fla. 1141, 137 So. 157, 159 (1931) ).
The sentencing of a youthful offender upon revocation of probation or community control is governed by sections 958.14 and 948.06, Florida Statutes (2005). In section 958.14, part of the Act, the Legislature provides that a youthful offender who violates probation or community control is to be sentenced under section 948.06, a separate provision of general law applicable to adult CPC sentences. The Act then distinguishes between substantive violations and technical or nonsubstantive violations. As explained in Christian , Florida courts have consistently treated conduct involving a new criminal offense, such as Eustache's illegal drug possession, as a substantive violation. Christian , 84 So.3d at 439-41.
Section 958.14 of the Act reads in full:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
§ 958.14, Fla. Stat. (2005). Section 958.14 clearly and unambiguously requires sentencing within the six-year cap for youthful offenders who commit technical probationary or community control violations and clearly and unambiguously permits sentencing above the six-year cap upon revocation *1101 of a youthful offender's probation or community control for a substantive violation. Section 958.14 also clearly and unambiguously directs that a violation of probation or community control "shall subject the youthful offender to the provisions of s. 948.06." Id.
Section 948.06(2)(b) provides,
If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.
§ 948.06(2)(b), Fla. Stat. (2005) (emphasis added). This section clearly provides for the imposition of "any sentence" that was "originally" available to the sentencing judge.
Focusing on the plain language of section 948.06(2)(b), which applies to all violations of probation proceedings-youthful offender and non-youthful offender alike-the Fourth District held that after revoking a youthful offender's probation or community control for a substantive violation, the sentencing court could only sentence according to one of the two options it had at the original sentencing proceeding: it could either (1) impose a sentence under the six-year sentencing cap (with no minimum mandatory); or, alternatively, (2) impose an adult sanction (in which case it also would be required to impose any minimum mandatory provision(s) associated with the offense(s) ). Eustache , 199 So.3d at 487. We agree that this holding properly reflects a plain reading of this unambiguous statute, and that no additional analysis is warranted. See Holly , 450 So.2d at 219.
In addition, we note that the Fourth District's holding (that a trial judge must impose any associated adult minimum mandatory sentence(s) on a youthful offender when exceeding the initial six-year statutory cap for substantive probationary violations) is arguably inconsistent with dicta from State v. Arnette , 604 So.2d 482, 484 (Fla. 1992), stating that "youthful offenders maintain youthful offender status even when they violate a condition of [probation or] community control." Florida's district courts of appeal have generally read this language from Arnette to mean that even where a trial court imposes a prison sentence in excess of the six-year statutory cap after a substantive probation violation, the defendant retains his or her youthful offender "status" along with the other attendant benefits of youthful offender sentencing. See, e.g. , Christian , 84 So.3d at 442 ; Blacker , 49 So.3d at 788 ; Gadson v. State , 160 So.3d 496, 496 (Fla. 2d DCA 2015) ; Jacques v. State , 95 So.3d 419, 420-21 (Fla. 3d DCA 2012) ; Hudson v. State , 989 So.2d 725, 726 (Fla. 1st DCA 2008). It was the Arnette majority's statement that a defendant always retains his or her "youthful offender status" after violating probation that led the panel in Christian to conclude that minimum mandatory terms did not apply to any post-violation sentence. Christian , 84 So.3d at 443. Even the Fourth District, in this case, held that Eustache would retain his youthful offender "status" for most purposes. Eustache , 199 So.3d at 487. However, we reject this portion of the Fourth District's analysis.
The sole issue in Arnette was whether a trial court could impose a sentence in excess of the six-year cap after a defendant violated his or her youthful offender probation. 604 So.2d at 483. Arnette held that that the trial court was limited to the youthful offender six-year cap, even after a probation violation. Id. That holding was superseded by the enactment of chapter 90-208, section 19, at 1161, Laws of Florida, *1102 which amended the Act (adding the language quoted above which provides discretion to impose a CPC sentence-up to the maximum period of incarceration provided by general law for the offense(s)-upon finding a substantive violation of youthful offender probation). Because Arnette has been superseded by statute as to the sole issue decided in that case, we see no need to recede from Arnette in order to clarify that when a youthful offender commits a substantive violation of probation and the trial court elects to impose a sentence in excess of the six-year cap, the sentence necessarily becomes an adult CPC sentence such that the defendant does not retain his or her "youthful offender status." We disapprove of Christian to the extent that it holds otherwise.[3]
As explained above, the trial judge imposed Eustache's current sentence after being incorrectly told by both the state and defense counsel that he had no discretion to impose a sentence below the ten-year minimum mandatory term, when the judge did have the discretion to reimpose a youthful offender sentence with no minimum mandatory. Because defendants generally must be sentenced by a court that is able to exercise its discretion and consider all of its options before imposing a sentence, see Soanes v. State , 31 So.3d 914, 914-15 (Fla. 4th DCA 2010) ; see also Munnerlyn v. State , 795 So.2d 171, 171 (Fla. 4th DCA 2001), this error warrants remand and resentencing.
CONCLUSION
We answer the certified question in the affirmative, quash the decision below, and disapprove Christian and the decisions cited in footnote 3 to the extent that they are inconsistent with this opinion. We remand this case to the Fourth District with instructions to remand to the trial court for resentencing.
It is so ordered.
CANADY, C.J., and LEWIS, QUINCE, and POLSTON, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
LABARGA, J., dissents.

See Ch. 921, Fla. Stat. (2015).

While the 2005 version of the Youthful Offender Act applies to Eustache, there is no substantive difference between that version and the current 2017 version.

We also disapprove similar language in the following cases: Yegge , 186 So.3d at 556 ("[T]he trial court must continue a youthful offender's status after a substantive violation of probation or community control ...."); Larkins v. State , 159 So.3d 386, 386 (Fla. 4th DCA 2015) (holding youthful offender status cannot be revoked even for committing a substantive probation violation); Cooper v. State , 235 So.3d 1034, 1035-37 (Fla. 5th DCA 2018) (same); Peterson v. State , 176 So.3d 1015, 1015 (Fla. 5th DCA 2015) (same); Gadson , 160 So.3d at 496 (same); St. Cyr v. State , 106 So.3d 487, 488-89 (Fla. 4th DCA 2013) (same); Josey v. State , 128 So.3d 247, 248 (Fla. 2d DCA 2013) (same); Lachenauer v. State , 117 So.3d 880, 880-81 (Fla. 4th DCA 2013) (same); Mistretta v. State , 99 So.3d 561, 561-62 (Fla. 2d DCA 2012) (same); Christian , 84 So.3d at 442 (same); Tidwell v. State , 74 So.3d 503, 503 (Fla. 2d DCA 2011) (same); Blacker , 49 So.3d at 788 (same); Johnson v. State , 41 So.3d 1115, 1115 (Fla. 4th DCA 2010) (same); Hudson , 989 So.2d at 726 (same); Rogers v. State , 972 So.2d 1017, 1019-20 (Fla. 4th DCA 2008) (same); see also Lewis v. State , 159 So.3d 288, 288 (Fla. 2d DCA 2015) (holding youthful offender status could not be revoked upon violation of probation for a substantive violation involving a new law offense); Smith v. State , 143 So.3d 1023, 1024-25 (Fla. 4th DCA 2014) (same); Williams v. State , 110 So.3d 39, 40 (Fla. 2d DCA 2013) (same); Jacques , 95 So.3d at 420-21 (same); Mosley v. State , 77 So.3d 877, 877 (Fla. 2d DCA 2012) (same); Lee v. State , 67 So.3d 1199, 1202 (Fla. 2d DCA 2011) (same); Gardner v. State , 656 So.2d 933, 937-38 (Fla. 1st DCA 1995) (same).