# Third District Court of Appeal

## State of Florida

Opinion filed October 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2041
Lower Tribunal No. 10-6731

_____

**Michael Parks,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Dava J. Tunis, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.


Before SUAREZ, EMAS, and LUCK, JJ.

SUAREZ, J.

Michael Parks appeals from the minimum mandatory sentence imposed pursuant to revocation of probation which was originally imposed as part of a

youthful offender sentence. We affirm, following <u>Eustache v. State</u>, 248 So. 3d 1097, 1098 (Fla. 2018), which holds that upon revocation of a youthful offender's probation for a substantive violation, the trial court is authorized to either impose another youthful offender sentence, with no minimum mandatory, or to impose an adult Criminal Punishment Code sentence, which would require imposition of any minimum mandatory term of incarceration associated with the offense of conviction.

In 2010, Parks pled guilty to armed burglary, grand theft, and criminal mischief. The court originally imposed a youthful offender sentence of two years of community control, which included 364 days in Miami Dade County Jail, followed by four years of probation. Parks subsequently violated his probation with substantive violations of armed robbery, battery on a law enforcement officer, resisting arrest with violence, and associating with a person engaged in criminal activity. At the conclusion of the probation violation hearing, the trial court revoked Parks' probation and sentenced him to thirty years in prison on the armed burglary, five years on the grand theft count, and 364 days on the criminal mischief count. Over objection of defense counsel, the trial court imposed a ten-year mandatory minimum on the armed burglary count pursuant to section 775.087(2), Florida Statutes (2016).

The issue presented on appeal here is identical to that presented to the Florida Supreme Court in Eustache:

> WHERE A DEFENDANT IS INITIALLY SENTENCED TO PROBATION OR COMMUNITY CONTROL AS A YOUTHFUL OFFENDER, AND THE TRIAL COURT LATER REVOKES SUPERVISION FOR A SUBSTANTIVE VIOLATION AND IMPOSES A SENTENCE ABOVE THE YOUTHFUL OFFENDER CAP UNDER SECTIONS 958.14 AND 948.06(2), FLORIDA STATUTES, IS THE COURT REQUIRED TO IMPOSE A MINIMUM MANDATORY SENTENCE THAT WOULD HAVE ORIGINALLY APPLIED TO THE OFFENSE?

With facts substantially similar to those in Parks' case,[1] the Court in Eustache held that after revoking a youthful offender's probation or community control for a substantive violation,

> the sentencing court can sentence according to one of the two options it had at the original sentencing proceeding: it could either (1) impose a sentence under the Youthful Offender six-year sentencing cap (with no minimum mandatory); or, alternatively, (2) impose an adult sanction (in which case it also would be required to impose any minimum mandatory provision(s) associated with the offense(s) ). We agree that this holding properly reflects a plain reading of this unambiguous statute, and that no additional analysis is warranted.

Id. at 1101. (citations omitted).  We therefore affirm Parks' sentence.

Affirmed.

---

[1] The Court in Eustache remanded for a new sentencing hearing, only because the sentencing court believed it did not have the discretion to sentence Eustache as a youthful offender on revocation of probation.  This is not an issue before us today in Parks' appeal.