PER CURIAM.
This case returns to us from the Florida Supreme Court, which quashed Cooper v. State, 235 So.3d 1034 (Fla. 5th DCA 2018), and directed us to reconsider the case in light of its decision in Eustache v. State, 248 So.3d 1097 (Fla. 2018).
*559 State v. Cooper, 43 Fla. L. Weekly S508, 2018 WL 5116564 (Fla. Oct. 19, 2018). Upon reconsideration, we issue the following opinion.
In 2009, Cooper was charged with aggravated battery, a second-degree felony, and was sentenced under the Youthful Offender Act. See § 958.04, Fla. Stat. (2009). The Act subjects an offender to a maximum incarceration period of six years. See § 958.04(2). Consistent with that six-year cap, Cooper was sentenced to 479 days in prison, followed by 18 months of community control and a subsequent term of 18 months of probation. After the revocation of his community control for a substantive violation, the trial court sentenced Cooper to a minimum mandatory term of 20 years in prison pursuant to section 775.087(2)(a), Florida Statutes (the 10-20-Life statute). The judgment and sentence were affirmed on direct appeal. Cooper v. State, 56 So. 3d 783 (Fla. 5th DCA 2011). Cooper's sentence was later amended to reflect that he maintained his youthful offender status.
Cooper has challenged his sentence on several occasions. In his most recent challenge, he filed a "Motion to Correct Illegal Sentence" pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure. In the motion, he claimed that the minimum mandatory term was illegal because it exceeded the maximum sentence he could have received for a second-degree felony as a youthful offender. See § 775.082(3)(d), Fla. Stat. (providing 15-year maximum sentence for second-degree felony). The trial court denied the motion, and Cooper appealed. Agreeing with Cooper that his sentence was illegal, we held that a sentencing court lacks statutory authority to impose a mandatory minimum term upon a youthful offender who substantively violates probation or community control. Cooper, 235 So.3d at 1036-37. In reaching this holding, we adhered to dicta in Christian v. State, 84 So.3d 437 (Fla. 5th DCA 2012), that "Florida's minimum mandatory statutes did not apply to a sentence imposed on a youthful offender because a youthful offender sentence is '[i]n lieu of other criminal penalties authorized by law.' " Cooper, 235 So.3d at 1036 (quoting Christian, 84 So.3d at 442 ).
After Cooper was decided, the Florida Supreme Court issued its opinion in Eustache v. State in which it considered the following certified question posed by the Fourth District:
WHERE A DEFENDANT IS INITIALLY SENTENCED TO PROBATION OR COMMUNITY CONTROL AS A YOUTHFUL OFFENDER, AND THE TRIAL COURT LATER REVOKES SUPERVISION FOR A SUBSTANTIVE VIOLATION AND IMPOSES A SENTENCE ABOVE THE YOUTHFUL OFFENDER CAP UNDER SECTIONS 958.14[1 ] AND 948.06(2),[2 ] FLORIDA STATUTES, IS THE COURT REQUIRED TO IMPOSE
*560 A MINIMUM MANDATORY SENTENCE THAT WOULD HAVE ORIGINALLY APPLIED TO THE OFFENSE?
248 So.3d at 1099.
Answering this question in the affirmative, the court held that section 948.06(2)(b)"clearly provides for the imposition of 'any sentence' that was 'originally' available to the sentencing judge." Id. at 1101. Thus, after revoking a youthful offender's probation or community control for a substantive violation, the sentencing court may sentence a probationer or offender to either of the two options it had at the original sentencing hearing. Id. The court may impose a sentence under the six-year cap pursuant to the youthful offender designation. Id. Alternatively, the court may impose an adult sanction, "in which case it would be required to also impose any minimum mandatory provisions associated with the offense(s)." Id. Further, when the court chooses to impose a sanction that exceeds the six-year cap, the sentence becomes an adult sentence and the defendant no longer retains his or her youthful offender status. Id. at 1102. In so holding, the Florida Supreme Court expressly disapproved of Christian to the extent that it held otherwise. Id. at 1098, 1102.
In this case, Cooper committed a substantive violation of community control. The trial court chose not to resentence Cooper to a youthful offender sentence and instead imposed an adult sanction. Thus, according to Eustache, the trial court was also required "to impose any minimum mandatory provisions associated with the offense(s)." Id. at 1101. The trial court did so in this case. Because the twenty-year minimum mandatory term did not render Cooper's sentence illegal, the trial court properly denied the motion to correct his illegal sentence.
Accordingly, we affirm the denial of Cooper's motion to correct his illegal sentence. We remand to the trial court to remove the "youthful offender" designation from his sentence.
AFFIRMED and REMANDED with instructions.
ORFINGER, COHEN, and GROSSHANS, JJ., concur.

§ 958.14, Fla. Stat. ("A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.").

§ 948.06(2)(b), Fla. Stat. ("If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.").