# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2021-3609
_____

MARQUICE EMANULE NOLAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman Lee Robinson, Judge.


January 31, 2024

RAY, J.

Marquice Emanule Nolan was sentenced to fifteen years in prison after he pleaded no contest to violating his sexual offender probation. On appeal, he asserts that he should have been sentenced to no more than six years in prison as a youthful offender because the State alleged only technical violations of supervision. We disagree. Nolan entered a plea to allegations that constitute the commission of at least one criminal act. The trial court correctly concluded that Nolan committed a substantive violation, and thus it was not limited by the six-year sentencing cap that applies to technical violations.

# I

In 2018, Nolan pleaded no contest to one count of lewd or lascivious battery of a victim under sixteen years old. He was sentenced under the Florida Youthful Offender Act to two years in prison followed by four years of sexual offender probation.

A few years later, Nolan's probation officer filed a probation violation affidavit, alleging that Nolan had violated two special conditions of probation. In short, the affidavit alleged a violation of special conditions nineteen and thirty for having unsupervised contact with a minor and accessing the internet without approval. According to the violation report, law enforcement responded to a call from a concerned citizen who found Nolan wearing nothing but boxer shorts while in bed with a fourteen-year-old girl. The girl stated under oath that she and Nolan had been kissing, and that if they had not been interrupted, it likely would have gone further. She stated that Nolan had repeatedly asked her for sex, had brought condoms to her house, came to her bus stop in the mornings, and talked to her on Instagram.

Nolan entered a plea of no contest to violating the terms of his probation. During the hearing, the trial court asked Nolan,

> Do you understand that because these are not technical violations that you would be looking at up to the statutory maximum? . . . You're looking at up to 15 years in state prison and under the guidelines it's going to recommend at least 111.6 months, unless I find a reason to depart from that. Do you understand all that?

Nolan responded that he understood. The trial court revoked probation and sentenced Nolan to fifteen years in prison with credit for time served.

Nolan later moved to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b). He argued that since his violations were technical, he should be resentenced under the six-year statutory maximum for youthful offenders. He relied on the Florida Supreme Court's decision in *State v. Meeks*, which explained that a "substantive violation" under the Youthful Offender Act "refers exclusively to a violation premised on the

2

commission of a separate criminal act." 789 So. 2d 982, 989 (Fla. 2001).

In response, the State contended that Nolan's violations were not merely technical. It argued that the facts to which Nolan entered a plea implicitly established the basis for several criminal offenses, including solicitation of a minor for sexual conduct in violation of section 847.0135(3), Florida Statutes; lewd or lascivious conduct in violation of section 800.04(6), Florida Statutes; and attempted lewd or lascivious battery in violation of section 800.04(4), Florida Statutes. The trial court denied the motion, adding that the allegations also constituted traveling to meet a minor in violation of section 847.0135(4), Florida Statutes.

Nolan moved for rehearing. He argued that his violations were technical because he was not charged with a violation of condition five, which required him to "live without violating any law." The court denied the motion for rehearing, and this appeal followed.

## II

Under the Youthful Offender Act, a trial court may sentence certain individuals between the ages of eighteen and twenty-one as youthful offenders, which limits the combined total period of incarceration and probation to six years. § 958.04(1), (2)(c), Fla. Stat. (2017). If a youthful offender violates the terms of probation or community control, there is a six-year sentencing cap for a technical violation, but no such limit for a substantive violation:

> A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.

§ 958.14, Fla. Stat. (2017).

As mentioned earlier, a "substantive violation," as the phrase is used in section 958.14, "refers exclusively to a violation premised on the commission of a separate criminal act." *Meeks*, 789 So. 2d at 989 (answering a certified question on the definition of "substantive violation").

According to Nolan, the trial court erred in finding a substantive violation of probation because the State's probation violation affidavit failed to allege a violation of condition five, which required him to live without violating the law. He cites cases that stand for the general proposition that a defendant cannot be found in violation of a particular condition of probation unless the State alleged a violation of that condition. *See N.L. v. State*, 825 So. 2d 509, 510 (Fla. 1st DCA 2002) ("It is error for a trial court to revoke probation even for a conceded violation when the probationer has been charged with a different violation altogether."); *Richardson v. State,* 694 So. 2d 147, 147 (Fla. 1st DCA 1997) ("[R]evocation of a defendant's probation based on a violation not alleged in the charging document is a deprivation of the right to due process of law.").

Here, however, Nolan's probation was not revoked based on a violation not alleged in the probation violation affidavit. It is undisputed that Nolan violated his probation; he did not contest that he had unsupervised contact with a minor and used the internet without approval. And he was on notice that these violations were based on conduct that would constitute separate criminal acts. In fact, he even acknowledged during the revocation hearing that he understood his plea encompassed non-technical violations. Thus, there was no due process violation, nor was one even argued by Nolan. *See Robinson v. State*, 702 So. 2d 1346, 1347 (Fla. 5th DCA 1997) (rejecting defendant's argument that his violations of probation were only technical given that he admitted using marijuana and testing positive for marijuana in connection with his probation revocation).

In a similar context, the State need not charge and convict a defendant of a new crime to establish a substantive violation of youthful offender probation, so long as the commission of a

4

separate criminal offense is alleged and shown during revocation proceedings. *St. Cyr v. State*, 106 So. 3d 487, 489 (Fla. 4th DCA 2013) (concluding that the defendant "need not have been charged or convicted of the new offense constituting the substantive violation in order for a court to sentence a youthful offender in excess of the six-year cap"), *disapproved of on other grounds by Eustache v. State*, 248 So. 3d 1097, 1102 n.3 (Fla. 2018); *Christian v. State*, 84 So. 3d 437, 439 (Fla. 5th DCA 2012) (finding a violation of probation was substantive, despite the State not charging or convicting the defendant of any new crime, where the defendant admitted to drug use during revocation proceedings), *disapproved of on other grounds by Eustache*, 248 So. 3d at 1102.

## III

In sum, we reject Nolan's argument that the State must allege a violation of standard condition five in its violation of probation affidavit for the court to find a substantive violation based on the facts and circumstances before it. For these reasons, we affirm.

ROWE and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, for Appellee.